UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELLULAR RECYCLER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-3656-B |
| | § | |
| BROADTECH, LLC, ASSURANT, | § | |
| INC., and ASSURANT SOLUTIONS, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Assurant, Inc.'s Motion to Dismiss and for Sanctions (Doc. 8). For the reasons explained below, the Court **DENIES** Assurant, Inc.'s request for dismissal as **MOOT** and **DENIES** Assurant, Inc.'s request for sanctions. Nevertheless, as further detailed below, the Court **ORDERS** counsel for Plaintiff Cellular Recycler, LLC to **SHOW CAUSE** for its potential violation of Federal Rule of Civil Procedure 11(b).

I.

BACKGROUND

This is a breach-of-contract case concerning the sale of cell phones. Plaintiff Cellular Recycler, LLC ("Cellular"), the purchaser of the phones, filed a state-court petition against Defendant Broadtech, LLC ("Broadtech") and Defendants Assurant, Inc. and Assurant Solutions, Inc. (collectively, "Assurant"). Doc. 1-3, Pet., ¶¶ 4–6. In the petition, Cellular alleged that it purchased over 10,000 cell phones from Broadtech and Assurant "that were advertised" as unlocked cell phones. *Id.* ¶ 12. According to its petition, Cellular then sold the cell phones to a customer and

discovered that "the vast majority of the phones were not unlocked as had been represented." *Id.*

¶ 13. Accordingly, Cellular alleged that Broadtech and Assurant "breached their agreement with

[Cellular] to provide unlocked phones for sale," leading to damages incurred by Cellular, including

damages resulting from defending a state-court lawsuit brought by Cellular's customer. *Id.* ¶ 17.

Shortly after Cellular filed its petition, Assurant removed the action to this Court based on

diversity jurisdiction. Doc. 1, Notice of Removal, 1. Assurant then filed a motion (Doc. 8), which

asks the Court to: (1) dismiss Cellular's breach-of-contract claim against Assurant based on a lack

of subject-matter and personal jurisdiction; and (2) impose sanctions on Cellular—specifically, an

award of Assurant's attorneys' fees incurred in briefing this motion—for bringing a baseless lawsuit

and refusing to dismiss Assurant from the case. *See* Doc. 9, Mot. Br., 7, 10, 13. After Assurant filed

its motion, Cellular filed an amended complaint, which abandons Cellular's claim against Assurant.

*See* Doc. 11, First Am. Compl., ¶ 3. Because Assurant still seeks a ruling on the requests presented

by its motion, which is now fully briefed, the Court considers it below.

## II.

## ANALYSIS

As explained below, the Court denies Assurant's motion to dismiss as moot in light of

Cellular's first amended complaint. The Court also denies Assurant's motion for sanctions,

concluding Cellular's conduct does not rise to the level of bad faith. Nevertheless, given Assurant's

allegations and evidence suggesting that this entire action is baseless, the Court orders Cellular's

attorneys to show cause as to whether the filing of Cellular's first amended complaint violates Rule

11(b).

A.      *The Court Denies Assurant's Motion to Dismiss as Moot.*

Assurant moves to dismiss Cellular's claims against Assurant based on a lack of subject-matter jurisdiction and personal jurisdiction. Doc. 9, Mot. Br., 7, 10. However, after Assurant filed its motion to dismiss, Cellular amended its complaint to remove all claims asserted against Assurant. *See* Doc. 11, First Am. Compl., ¶ 3. Accordingly, Assurant's motion to dismiss is moot.

Assurant nonetheless asks the Court "for a ruling that this Court lacks subject matter and personal jurisdiction over it." Doc. 13, Reply, 1. Such a ruling, however, would constitute an advisory opinion, which the Court will not render. Additionally, to the extent Cellular is seeking some sense of finality, this is finality the Court cannot provide—any dismissal based on subject-matter jurisdiction or personal jurisdiction would be without prejudice. *See ITL Int'l, Inc. v. Café Soluble, S.A.*, 464 F. App'x 241, 244 (5th Cir. 2012) (per curiam) (citation omitted); *Harvey v. Caesars Ent. Operating Co.*, 790 F. App'x 582, 593 (5th Cir. 2019) (unpublished) (citation omitted). Further, Cellular may not freely re-assert claims against Assurant later in this action—instead, it must seek the Court's leave or Broadtech's consent to do so. *See* Fed. R. Civ. P. 15(a)(2). Accordingly, the Court will not make an unnecessary ruling on subject-matter or personal jurisdiction and holds that Assurant's motion to dismiss is **MOOT**.

B.      *The Court Denies Assurant's Motion for Sanctions but Issues a Show-Cause Order Under Rule 11.*

Assurant also asks the Court to require Cellular to pay Assurant's attorneys' fees incurred in litigating its motion. Doc. 9, Mot. Br., 12. Assurant invokes the Court's inherent power to sanction litigants, as well as its statutory power to sanction attorneys under 28 U.S.C. § 1927. *Id.* at 12–14.

In support of its request for sanctions, Assurant contends that Cellular's suit rests upon a "central allegation [that] is demonstrably false." *Id.* at 13. According to Assurant, while Cellular alleges that Broadtech breached an agreement with Cellular by providing cell phones that were unable to be unlocked, *see, e.g.*, Doc. 11, First Am. Compl., ¶ 12, in the prior state-court suit brought by Cellular's customer, Cellular admitted in a declaration that Broadtech never represented that the phones would be unlocked. Doc. 9, Mot. Br., 13 (citation omitted).

Further, Assurant claims Cellular knew, at the time of filing the petition in the present lawsuit, that Assurant was not a proper party in this action. *Id.* Assurant explains that in the prior state-court lawsuit, in which Cellular, Broadtech, and Assurant were initially named as defendants, Assurant "never made an appearance" and was dismissed. *Id.* at 2. Based on Cellular's involvement in the prior lawsuit, in which Cellular was represented by the same counsel that filed the present action, Assurant claims Cellular knows that Assurant had no involvement in the cell-phone transaction at issue. *See id.* at 3.

Finally, Assurant points out that although it repeatedly attempted to communicate with Cellular's counsel about these issues and even inquired as to the basis for Cellular's claims against Assurant, Cellular's counsel ignored these communications. *Id.* at 4–5, 13. Only after Assurant filed its motion to dismiss and for sanctions did Cellular drop its claims against Assurant. *See generally* Doc. 8, Mot.; *see* Doc. 11, First Am. Compl., ¶ 3.

In response to Assurant's allegations, Cellular suggests that it believed Assurant was a proper defendant based on Assurant's website, which states that Broadtech is part of Assurant's operations. Doc. 12, Resp., 3. But Cellular does not address the state-court declaration undermining the factual basis of its lawsuit, nor does it explain its failure to respond to Assurant's counsel. *See generally* Doc.

12, Resp.

As explained below, the Court will not sanction Cellular pursuant to its inherent authority or § 1927. Nevertheless, the Court orders Cellular to show cause under Rule 11 for filing what appears to be a lawsuit lacking evidentiary support.

1. The Court declines to impose sanctions pursuant to its inherent power or Section 1927.

a. *Inherent power*

A federal court has the inherent power to sanction a party that has abused the judicial process via vexatious litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–50 (1991) (recognizing court's inherent authority to award attorneys' fees to sanction bad-faith litigation); *see also Carroll v. Jaques Admiralty L. Firm*, 110 F.3d 290, 293 (5th Cir. 1997) (recognizing exercise of inherent power when rules are not "up to the task"). Particularly, a court may employ its inherent power to award a party reasonable attorneys' fees when another party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45–46.

"But this inherent power must be exercised with restraint and discretion." *Hunting Energy Servs. LP v. Inter-Mountain Pipe & Threading Co.*, 242 F. App'x 257, 260 (5th Cir. 2007) (per curiam) (citation and quotation marks omitted). Accordingly, "[a] court should invoke its inherent power to award attorneys' fees only when it finds that fraud has been practiced upon it, or that the very temple of justice has been defiled." *Id.* (citation and quotation marks omitted).

Cellular's conduct has not quite risen to this level. Based on the declaration submitted by Assurant, Cellular's lawsuit may be meritless. Nonetheless, the Court will not deem Cellular's lawsuit to be one filed in bad faith based on statements contradicting Cellular's basis for relief from a single

declaration filed in another lawsuit. Moreover, Cellular's failure to respond to Assurant's communications falls short of Northern District of Texas's standards. *See Dondi Props. Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 287–88 (N.D. Tex. 1988). But Cellular's failure to respond is more indicative of negligence, laziness, or stubbornness than of bad faith. Thus, based on Assurant's allegations, the Court cannot declare that it has been defrauded or that "justice has been defiled." *Hunting Energy*, 242 F. App'x at 260 (citation and quotation marks omitted).

> b.     *Section 1927*

Under § 1927, the Court may assess attorneys' fees and costs against an attorney "who has unreasonably multiplied the proceedings in a case." *Stewart v. Courtyard Mgmt. Corp.*, 155 F. App'x 756, 760 (5th Cir. 2005) (per curiam) (citation omitted). Before imposing § 1927 sanctions, the Court must ensure that the attorney "engage[d] in unreasonable and vexatious conduct." *Id.* (quotation marks omitted) (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). A finding of unreasonable and vexatious conduct "requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court," *id.* (citations and quotation marks omitted), "independent of a showing that the claims pursued were baseless." *Hencinski v. Austin Com., L.P.*, 2006 WL 325764, at *2 (N.D. Tex. Feb. 13, 2006) (citation omitted).

Though Cellular's attorneys may be pursuing baseless claims and should have responded to Assurant's counsel, their conduct does not quite rise to the level of bad faith, improper motive or reckless disregard. *See supra* Section III.B.1.a. Accordingly, the Court declines to impose sanctions under § 1927.

> 2.      The Court orders Cellular's attorneys to explain whether their conduct violates Rule 11(b).

Although the Court will not impose sanctions at this time, it orders Cellular's counsel, pursuant to Rule 11(c)(1)(3), to show cause as to why it should not be subject to sanctions under Rule 11. Specifically, Cellular's first amended complaint alleges one breach-of-contract claim, which is premised upon its contention that Broadtech "breached [its] agreement with [Cellular] to provide factory refurbished cell phones with 'unlock codes' for resale." Doc. 11, First Am. Compl., ¶ 16. Cellular further alleges that Broadtech "agreed" and "represented" that the cell phones "would be provided with 'unlock codes.'" *Id.* ¶ 4. But Assurant has provided the declaration of the sole member of Cellular, which was filed in the prior state-court lawsuit, regarding the transaction at issue. In this declaration, he states:

- "At no time did Broadtech represent to [Cellular] that those phones were already unlocked. Broadtech also never represented or guaranteed to [Cellular] that the phones could or would be unlocked."

- "At the time [Cellular] purchased the phones, it understood that it was buying the phones from Broadtech as-is and without any guarantees regarding their locked or unlocked status."

- "Broadtech sent [Cellular] an invoice that described the phones . . . . Neither the invoice nor the attached spreadsheet made any representations about the phones' locked or unlocked status, nor did they include any agreement to provide 'unlock codes.'"

Doc. 10, Ex. A, Decl., ¶¶ 4–5. Perhaps more troubling, aside from Cellular's passing mention of the declaration, *see* Doc. 12, Resp., 3, Cellular's response wholly fails to address the contradiction between the declaration and Cellular's allegations. *See generally id.* Further, Cellular has not contested Assurant's contention that the same attorney who filed this declaration in the prior state-court lawsuit is the attorney now representing Cellular. *See* Doc. 9, Mot. Br., 1–2; *see generally*

Doc. 12, Resp.

Under these circumstances, it appears that Cellular has violated Rule 11(b)(3), which requires an attorney to certify, after a reasonable inquiry, that the attorney's "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" To determine whether an attorney made a reasonable factual inquiry, the Court considers:

> (1) the time available to counsel for investigation; (2) the extent to which counsel relied upon his client for factual support for the document; (3) the feasibility of conducting a pre-filing investigation; (4) whether counsel accepted the case from another member of the bar or forwarding attorney; (5) the complexity of the factual and legal issues; and (6) the extent to which development of the factual circumstances underlying the claim require discovery.

*SEC v. Faulkner*, 2018 WL 3708426, at *3-4 (N.D. Tex. Aug. 3, 2018) (quoting *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1026 (5th Cir. 1994)). Based on the present record, many—if not all—of these factors weigh in favor of finding a Rule 11 violation here. For example, if Cellular's counsel knew of the contents of the declaration before filing the present action, it cannot blame its lack of factual basis upon the fact that it was time-pressed, relying upon Cellular, or unfamiliar with the case. Accordingly, the Court **ORDERS** Cellular's attorneys to **SHOW CAUSE**, in writing and within **FOURTEEN (14)** days of the date of this Order, as to whether the filing of their first amended complaint violated Rule 11(b)(3).

### III.

### CONCLUSION

For the reasons already stated, the Court **DENIES** Assurant's motion (Doc. 8). But the Court **ORDERS** Cellular's attorneys to **SHOW CAUSE**, within **FOURTEEN (14)** days of the date of this

Order, as to whether they violated Rule 11(b)(3) by filing Cellular's first amended complaint. Finally,

because Cellular no longer brings claims against Assurant, the Court directs the Clerk to terminate

Defendant Assurant, Inc. and Defendant Assurant Solutions, Inc. as parties in this case.

**SO ORDERED.**

**SIGNED: March 16, 2021.**

_____

**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**